LESSER INCLUDED OFFENSE OF ASSAULT CONSUMMATED BY A BATTERY.

WHETHER THE MILITARY JUDGE ERRED WHEN SHE EXCLUDED EVIDENCE OF A WITNESS'S PRIOR SHOPLIFTING CONVICTION.

and on the following specified issue:

WHETHER IT WAS INEFFECTIVE ASSISTANCE OF COUNSEL NOT TO RAISE THE LESSER INCLUDED OFFENSE ISSUE BEFORE THE COURT OF CRIMINAL APPEALS IN LIGHT OF *UNITED STATES v. BONNER*, 70 M.J. 1 (C.A.A.F. 2011).

The answer of Appellee to the above issues shall be filed on or before March 13, 2012. Appellant shall file a reply within 20 days of the filing of Appellee's answer.

No. 12–8017/AR. Ronald Gray, Appellant v. Eric Belcher, Colonel, U.S. Army, Commandant, U.S. Disciplinary Barracks, Fort Leavenworth, Kansas, Appellee. CCA 20110093. On consideration of the motion filed by Billy H. Nolas, Esq., Shawn Nolan, Esq., and Timothy Patrick Kane, Esq., for leave of Court to appear pro hac vice, it is ordered that said motion is hereby granted.

No. 12–8017/AR. Ronald Gray, Appellant v. Eric Belcher, Colonel, U.S. Army, Commandant, U.S. Disciplinary Barracks, Fort Leavenworth, Kansas, Appellee. CCA 20110093. Appellee's motion to extend time to file an answer to the writ–appeal petition is granted to March 12, 2012.

No. 11–0419/AR. U.S. v. Bradley L. Gump. CCA 20100546. Review granted on the following issue:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENTS FROM THE SPECIFICATION OF CHARGE V CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 11–0454/AR. U.S. v. Oren A. Reece. CCA 20100448. Review granted on the following issue:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION.

162

THE MISSING TERMINAL ELEMENT FROM THE SPECIFICATION OF CHARGE III CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 11–0554/AR. U.S. v. Terry D. Rorro. CCA 20100750. Review granted on the following issue:

WHETHER SPECIFICATIONS 2, 3, 5, AND 6 OF CHARGE V FAIL TO STATE AN OFFENSE BECAUSE THEY DO NOT EXPRESSLY ALLEGE OR NECESSARILY IMPLY THE TERMINAL ELEMENTS OF ARTICLE 134, UCMJ.

No briefs will be filed under Rule 25.

No. 11–0661/AR. U.S. v. Joshua J. Chastain. CCA 20100994. Review granted on the following issue:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENT FROM SPECIFICATIONS 1 AND 2 OF CHARGE V CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 12–0034/AR. U.S. v. Joel L. Kain, II. CCA 20100490. Review granted on the following issue:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENTS FROM SPECIFICATIONS 1 AND 2 OF CHARGE II CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. ARE THE CHARGES FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 12–0222/AR. U.S. v. Terrance L. Abernathy. CCA 20110229. Review granted on the following issue:

WHETHER SPECIFICATIONS 2 AND 3 OF CHARGE III FAIL TO STATE AN OFFENSE BECAUSE THEY DO NOT EXPRESSLY ALLEGE OR NECESSARILY IMPLY THE TERMINAL ELEMENTS OF ARTICLE 134, UCMJ.

No briefs will be filed under Rule 25.